**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MOHAMMED MUSAH-FULLATEEU and SITTOUGH KOGNO, Individually and On Behalf of All Putative Class Members,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**ARCH INSURANCE COMPANY,**<br><br>**Defendant.** | **CASE NO. 25-1889** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Arch Insurance Company ("Arch") hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, being the federal district embracing the place where the case is pending.[1]  In support of this Notice of Removal, Arch states the following:

## THE PARTIES

1.      At the time the Complaint was filed, at the time of removal, and at all intervening times, Plaintiffs Mohammed Musah-Fullateeu ("Musah-Fullateeu") and Sittough Kogno ("Kogno") (collectively, "Plaintiffs") were domiciled and residing in Bronx County, New York. Complaint ¶¶ 16, 24.  Plaintiffs are therefore citizens of New York.

2.      At the time the Complaint was filed, at the time of removal, and at all intervening times, Arch was and is a corporation organized under the laws of the State of Missouri, with its

---

[1] Arch expressly reserves and does not waive all available defenses.

principal place of business in New Jersey. Arch is, therefore, a "citizen" of Missouri and New Jersey. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the State where it is incorporated and of the State where it has its principal place of business).

## TIMELINESS OF THE REMOVAL

3.    On or about January 16, 2025, Plaintiffs commenced this action by filing a Complaint in the Supreme Court of New York, County of New York, styled *Mohammed Musah-Fullateeu, et al. v. Arch Insurance Company*, Index No. 650315/2025.[2]

4.    Arch accepted service of the Complaint effective February 4, 2025.

5.    Arch has removed this matter within 30 days of being served. *See* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, this removal is timely. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (a defendant's time to remove is triggered by service of the summons and complaint).

6.    Written notice of the filing of this Notice of Removal and the removal of the state court action is being served on Plaintiffs through their counsel of record. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly filed with the Clerk of the Supreme Court of New York, County of New York.

## NATURE OF THE ACTION

7.    The Complaint asserts a putative class action. Plaintiffs allege that they worked as "non-union construction flaggers on public works projects" contracted by the City of New York through various agencies with MFM Contracting Corp ("MFM"). Complaint ¶ 1. The Complaint alleges that MFM supplies construction flaggers for its projects through Network of Patrols, Inc.

---

[2] Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A. Copies of all other process, pleadings, orders, and other documents in the state court file are attached as Exhibit B.

and other subcontractors, and Plaintiffs allege that they worked as flaggers for Network of Patrols for a period of time on MFM projects. *Id.* ¶¶ 4-5.

8.     The Complaint alleges that the Plaintiffs worked on multiple Public Works Projects, including but not limited to the following three projects: (1) Project ID MED598B – Trunk Water Mains in West 30th Street Between 10th Avenue and 9th Avenue; (2) Project ID HWMWTCA7E – Reconstruction of Worth Street from Hudson Street to Park Row Including Sewer, Water Main, Street Lighting, Traffic Signal and Private Utility Work; and (3) Lower Concourse Improvement Project – Contract No. 61980002. *Id.* ¶ 2.

9.     The Complaint alleges that Plaintiffs and a putative class of individuals (defined below) were third-party beneficiaries of Public Works Contracts between MFM and the City of New York (*id.* ¶¶ 46-47, 53), and that these contracts included provisions requiring Plaintiffs and putative class members to be paid "at or above the local prevailing wage rates, including any required supplemental benefits and overtime premiums for hours worked in excess of forty (40) hours per week, eight (8) hours per day, hours worked on Saturday and Sunday and hours worked during the evening." *Id.* ¶ 48.

10.    Plaintiffs claim that they and the putative class were entitled to, but were not paid, prevailing wages required by regulations of the N.Y. City Comptroller (*id.* ¶¶ 6, 38, 61-63), and that Arch "issued labor and material payment bonds ('Bonds') guaranteeing the obligations of MFM Contracting and its subcontractors … to pay Plaintiffs prevailing wages and supplemental benefits for their work on the Public Work Projects." *Id.* ¶ 8; *see also id.* ¶¶ 52, 65.

11.    Plaintiffs assert two claims against Arch for payment of their alleged prevailing wages and supplemental benefits: (1) "Suretyship" seeking to enforce the Bonds and obtain payment "for the unpaid prevailing wages and supplemental benefits" with respect to Plaintiffs and the putative class; and (2) a direct claim on the bonds pursuant to N.Y. Labor Law § 220-g.

12.    Plaintiffs seek certification of a class defined in the Complaint as:

All persons employed by MFM Contracting or a subcontractor thereof at any time from January 16, 2023 and through the entry of judgment in this case (the "Class Period") who worked as non-union flaggers on public works projects in the State of New York for which Arch Insurance Company issued labor and material payment bonds (the "Class Members").

*Id.* ¶ 33.

13.    Among other things, Plaintiff seeks, on behalf of themselves and the "class":  (i) a declaratory judgment that the allegations in the Complaint "are unlawful under the NYLL and New York common law"; (ii) an injunction "from engaging in each of the unlawful practices, policies and patterns set forth herein"; and (iii) an award of monetary damages "for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiffs and the Class."  Complaint at p. 17 (Prayer for Relief).  The Complaint also seeks costs and attorneys' fees.  *Id.*

## BASIS FOR FEDERAL JURISDICTION

14.    This action is removable to this Court because federal jurisdiction exists pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code, including 28 U.S.C. §§ 1332(d) and 1453. As set forth herein, there are more than 100 putative class members, there is diversity of citizenship among Plaintiffs and Defendant, and the matter in controversy exceeds the sum or value of $5 million exclusive of interest and costs.

15.    CAFA was enacted to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed if:  (a) the number of proposed class members is not less than 100; (b) there is requisite "minimal" diversity of citizenship among the parties; and (c) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5) & 1453(b).  As demonstrated

in this notice, all of CAFA's removal requirements are satisfied here.

16.    Supreme Court precedent and CAFA's legislative history also reflect that any doubts should be resolved in favor of federal jurisdiction. *See, e.g.*, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (holding that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"); S. Rep. 109-14, at 43 (2005) ("Overall, [CAFA] is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *id*. at 35 (explaining that the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications").

17.    This action falls squarely within the category of actions to which CAFA was intended to apply.

## Class Size

18.    The Complaint does not specify the number of class members, but alleges on information and belief that the number exceeds 40. Complaint ¶ 36. Given the multiple Public Works Projects included within the allegations of the Complaint, and the inclusion in the proposed class definition of not only persons employed by MFM Contracting, but also persons employed by any subcontractor of MFM Contracting over the entire class period since January 16, 2023 (*id.* ¶ 33), Arch believes and therefore alleges that the number of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5).

## Minimal Diversity of Citizenship

19.    CAFA's second requirement – minimal diversity – is also readily satisfied in this putative class action. This requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In this case, Plaintiffs are

citizens of New York, and Arch is a citizen of Missouri and New Jersey. Accordingly, minimal diversity is satisfied within the meaning of 28 U.S.C. § 1332(d)(2)(A).[3]

### Aggregate Amount in Controversy

20.    CAFA's third requirement is satisfied when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Here, the Complaint places in controversy an aggregate amount in excess of $5,000,000, exclusive of interest and costs.

21.    The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89. The amount in controversy is not the amount a plaintiff will recover, but rather an estimate of the amount that will be at issue in the course of the litigation. *See id.*[4]

22.    The Complaint does not include a demand for any specific sum of monetary relief, but seeks: (i) a declaratory judgment that the allegations above "are unlawful under the NYLL and New York common law"; (ii) an injunction "from engaging in each of the unlawful practices, policies and patterns set forth herein"; and (iii) an award of monetary damages "for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiffs and the

---

[3] CAFA contains a number of exceptions which, when applicable, prevent the exercise of jurisdiction over a class action, even where that class action meets CAFA's threshold requirements triggering diversity jurisdiction. It is plaintiff's burden, however, to demonstrate that an exception applies. *See, e.g.*, *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) ("once the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of demonstrating that remand is warranted on the basis of one of the enumerated exceptions"). Here, Plaintiffs have not alleged, and cannot establish, that any exception to removal applies.

[4] Arch disputes any and all liability to Plaintiffs or any putative class member in this action, and Arch expressly preserves all defenses to liability, damages, and to the propriety of class certification.

Class."  Complaint at p. 17 (Prayer for Relief).  The Complaint also seeks costs and attorneys' fees.  *Id*.

23.    The Complaint alleges that Arch is liable to Plaintiffs and putative class members for unpaid wages on multiple Public Works Contracts pursuant to "labor and material payment bonds" (*id.* ¶ 8), and further alleges that the amount of one bond on a single project exceeds $37.6 million.  *Id*. ¶ 65.  Given the multiple projects alleged in the Complaint, and the alleged disparity between Plaintiffs' wages and the prevailing wages and benefits in the New York Comptroller schedules (*compare id.* ¶¶ 23, 30 *with id.* ¶ 63), Arch believes and alleges that this action presents a matter in controversy that exceeds the sum or value of $5,000,000, exclusive of interest and costs.

24.    Consequently, the sum or value of the matter in controversy in this putative class action exceeds the threshold amount satisfying CAFA's requirements.  28 U.S.C. § 1332(d)(2).

## CONCLUSION

For the foregoing reasons, this Court has original and removal jurisdiction over this action under 28 U.S.C. §§ 1332(d), 1441(a), and 1453(b) because there are more than 100 putative class members, minimal diversity exists among Plaintiffs and Defendant, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs.  As such, Arch, the sole named defendant in the above-titled action, respectfully removes this action from the Supreme Court of the State of

New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:  March 6, 2025                              Respectfully submitted,

                                                   /s/  Markham R. Leventhal
                                                   Markham R. Leventhal (NY Bar No. 2070399)
                                                   CARLTON FIELDS, P.A.
                                                   Suite 400 West
                                                   1025 Thomas Jefferson Street, NW
                                                   Washington, D.C. 20007-5208
                                                   Telephone: (202) 965-8100
                                                   Facsimile: (202) 965-8104
                                                   Email: mleventhal@carltonfields.com

                                                   *Attorneys for Defendant Arch Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2025, a true and correct copy of the

foregoing document was served by First-Class United States Mail, postage prepaid, on all counsel

of record on the Service List below:

Brent E. Pelton, Esq.
pelton@pentongraham.com
Taylor B. Graham, Esq.
graham@peltongraham.com
Alison L. Mangiatordi, Esq.
mangiatordi@peltongraham.com
PELTON GRHAM LLC
111 Broadway, Suite 1503
New York, NY 10006
Telephone:  (212) 385-9700

*Counsel for Plaintiffs*

_____
/s/  Markham R. Leventhal

138900124